UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,       No. 09-CR-20549-02

  v.           Hon. DENISE P. HOOD

MOHAMMAD ABDUL BASSIR,

     Defendant.
_____/

### DEFENDANT BASSIR'S MEMORANDUM IN RESPONSE TO THE GOVERNMENT'S MEMORANDUM REGARDING OFFENSE CONDUCT IN DEFENDANT'S PRESENTENCE REPORTS

On April 1, 2011, the Government filed a memorandum under seal regarding Defendant MOHAMMAD ABDUL BASSIR'S ("Defendant BASSIR") offense conduct. In the memorandum the Government included several different conversations between the Defendant and a paid confidential informant. The confidential informant was an outsider trying to seek acceptance within the Defendant's extended family of Muslim brothers. This group of Muslim followers shared a familial bond with each other, and they all were extremely close. They ate together, they prayed together, they socialized together and they were always there for one another in times of need. Essentially, this was a family of unrelated individuals that shared a bond that was strengthened through their shared passion for the Muslim religion.

Just as any other family, this group of individuals often engaged in casual conversations covering a wide range of topics. From politics, to the criminal justice system, to NCAA basketball, to Osama Bin Laden; nothing was off limits. But it was nothing more than casual conversation. And just any other American citizen, they are

entitled to have these conversations. However, the Government is attempting to convert these casual conversations that the Defendant had with his Muslim brothers into actual conduct that should be considered for sentencing purposes. But the Defendant did not break any laws. By engaging in such conversations and voicing his views and beliefs, the Defendant merely exercised his First Amendment rights.

In imposing a sentence, 18 U.S.C. 3553(a) states that a court may consider –

(1) the nature and circumstances of the offense and the history
and characteristics of the defendant;

(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect
for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant;
and
(D) to provide the defendant with needed educational or
vocational training, medical care, or other correctional treatment
in the most effective manner.

After reviewing the statute and the Government's memorandum it is clear that the information contained within the Government's version of the offense conduct does not fit within the parameters of the statute. The factors set forth under this statute clearly demonstrate that for sentencing purposes the court is to consider relevant conduct. Nowhere within this statute does it state that a court can consider conversations a Defendant had detailing his personal views and beliefs. The Government has incorrectly applied the statute and any attempt to use the Defendant's personal views against him is a violation of his Due Process rights.

The Government's attempt to use these conversations to taint the reputation of the Defendant is without merit. These conversations have no bearing or relationship to what

2

the Defendant has pled guilty to in this matter. Additionally, the First Amendment of the United States Constitution guarantees the Defendant the right to engage in private conversations. The Government is suggesting that because the Defendant holds certain beliefs about the American criminal justice system and the Democratic political process, that he is somehow a threat to the national security. What the Government is suggesting contradicts our core Constitutional rights. In effect the Government is arguing that because the Defendant disagrees with certain things in our society then his personal views and "beliefs" should be used against him for sentencing purposes.

Not once did the Defendant advocate any violence against the United States, nor did the Defendant incite anyone to commit a violent act. The Defendant merely voiced his opinion, in private, with those who he shared a close and personal relationship with. Not to mention many of these conversations took place within the confines of the Defendant's home.

Furthermore, many of these conversations are the Defendant's attempt to bolster his and his Muslim brothers' image in the eyes of outsiders and potential new brothers. For example, "On November 11, 2007, Mohammad Abdul Bassir told S-3 that some people had lived inside the Masjid Al-Haqq for fifteen years. According to Bassir, five or six of the members are "hardcore" like himself…" (Government's memorandum, page 10). Or, when discussing Luquman Abdullah with the confidential informant, Defendant BASSIR said, "you got to really have some crazy, crazy ideas for him to say no. 'Cause he know you all out here hustling." (Government's memorandum, page 11). Such conversations cannot be treated as truth without any supporting evidence. And this is the

tone of nearly all the conversations that were included within the offense conduct. The Defendant was clearly bolstering his credibility, and as such, it should not be considered.

To include such conversations within the offense conduct is unconstitutional. The Defendant never took any acts against the United States government and he never had any intention of doing so. No evidence can be produced which would prove the Defendant was preparing to engage in a "violent overthrow of the government."

Moreover, within the offense conduct, the Government included conversations about the Defendant's support for Imam Jamil. The Defendant's support for Imam Jamil is irrelevant to the case at hand. The Defendant's support for Imam Jamil has no bearing on what he has pled guilty to and should not be considered. The Defendant's support for Imam Jamil is Constitutional. It is not against the law for one to raise funds for the legal defense of an incarcerated individual. The inclusion of the Defendant's support for Imam Jamil within the offense conduct illustrates just how meritless the Government's memorandum is.

There is nothing of substance contained within the government's memorandum and therefore it should not be considered. Defendant Bassir is being persecuted for his beliefs. The offense conduct contained within the Government's memorandum is in no way related to the charges that the Defendant has pled guilty to. The content contained within the Government's memorandum are conversations amongst a circle of friends in which they express their ideals and beliefs, and bolster their credibility and experiences. The conversations that the Defendant and his Muslim brothers engaged in are not uncommon in American society.

To use these conversations against the Defendant and to treat it as truth is a clear misuse of the legal process in of itself. These casual conversations that the Defendant had with his Muslim brothers are irrelevant to the issue at hand and have no place in a court of law.

Wherefore the Government's memorandum regarding the Defendant's offense conduct should not be considered for sentencing purposes.

                                      Respectfully Submitted,

                                      <u>s/ Anthony T. Chambers</u>
                                      Anthony T. Chambers (P38177)
                                      535 Griswold, Suite 1330
                                      Detroit, Michigan 48226
                                      (313) 964-5557
                                      (313) 964-4801 Fax
                                      achamberslaw@gmail.com

Dated: May 11, 2011

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        No. 09-CR-20549-02

    v.        Hon. DENISE P. HOOD

MOHAMMAD ABDUL BASSIR,

        Defendant.
_____/

## **CERTIFICATION**

    I hereby certify that the forgoing papers were electronically filed this date, served electronically or by mail to the following:

Cynthia J. Oberg
U.S. Attorney's Office
211 West Fort Street Suite 2001
Detroit, MI 48226

Date: May 11, 2011        By: s/ Anthony T. Chambers