# THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

D-2 MOHAMMAD ABDUL BASSIR,     CASE NO. 2:09-CR-20549
     DEFENDANT,

v.

UNITED STATES OF AMERICA,     HON. DENISE PAGE HOOD
     PLAINTIFF.

**FILED**
JAN 30 2013
CLERK'S OFFICE DETROIT-PSG
U.S. DISTRICT COURT

## Movant's Reply to Government's Response

On December 13, 2012, the Government filed its motion in opposition of granting Movant relief. A copy was mailed to Movant on December 18, and recieved by Movant on December 28. The Government claims two basis for denying Movant, both of which are firmly foreclosed by authoritative case law: (1) That Movant should be dismissed as time barred and (2) That Movant's claims are without merit.

(1) The petition is past the one year § 2255 window Federal courts require the presence of federal jurisdiction in criminal prosecution. <u>Kelly v US</u>, 27 F. 616 (D. Me 1885). If it is lacking, the prosecution must be dismissed, even if concluded, <u>US v Penn</u>, 48 F. 669 (E.D. VA, 1880). Deciding a case without ensuring jurisdiction would produce nothing more than a hypothetical judgement, which would come to the same thing as an advisory judgement, disapproved by the Supreme Court from the beginning, abrogating <u>SEC v American Capitol Investments, Inc.</u>, 98 F. 3d 1133; <u>Smith v Avino</u>, 91 F. 3d 105; <u>Clow v Dept. of HUD</u>, 948 F. 2d 614; <u>Cross Sound Ferry Services, Inc v ICC</u>, 934 F. 2d 327; <u>US v Parcel of Land</u>, 928 F. 2d 1; <u>Browning-Ferris Industries v Muszynski</u>, 899 F. 2d 151; <u>US Const. Art. III § 2 CH.</u> " Without jurisdiction, court cannot proceed in any cause; jurisdiction is power to declare law, and when it ceases to exist, the only function remaining of the court is that of annoucing the fact and dismissing cause."

When a suit has been entertained, regardless of the merits, that was without jurisdiction, jurisdiction is had to correct the earlier error, <u>US v Corrick</u>, 298 US 435, 440

(1934); <u>Capron v Van Noordan</u>, 2 Cranch 126 (1804). This is true, even if the party has previously ceded jurisdiction, <u>Mitchell v Maurer</u>, 293 US 237, 244 (1934). Such an issue can never be waived or forfeited, <u>US v Cotton</u>, 535 US at 630, and is utterly inflexible and without exception, <u>Steel Co.</u> 523 US at 94-95 quoting <u>Mansfield C&L M.R. Co. v Swan</u>, 111 US 379, 382 (1884). If such a showing is made, the judgement and the movant must be discharged, <u>Ex Parte Yarbrough</u>, 110 US 651, 654 (1884).

Thus, the claim that movant is time barred seems to be plainly incorrect. Multiple courts have repeatly held that jurisdictional challenges are always raisable. While personal jurisdiction may be waived, subject matter jurisdiction may always be raised, <u>Pon v US</u>, 168 F. 3d 373 (CAL Mass, 1978), <u>US v Kahl</u>, 583 F. 2d 1351 (CA5 Tex, 1978). It is exempted from the time restrictions imposed on other motions, <u>US v McGrath</u>, 558 F. 2d 1102 (CA2 NY 1977).

Failure to timely file a Rule 12(B) motion does not waive jurisdictional defeats, <u>Ex Parte Garcia</u>, 560 SW 2d 948 (Tex Crim, 1978). The court rejected the government's contention that the defendant's motion was untimely, as jurisdiction may be heard at any time, <u>Sellers v US</u>, 316 F. Supp. 2d 516 (ED Mich, 2004). As that case is from this circuit, it hold extra weight. In <u>US v Johnson</u>, 403 F. Supp 2d 721 (ND Ohio, 2005), the court was faced with another claim that an appeal was out of time and should be dismissed (much like here). The court claimed they planned to give a continuance, but, if that was not enough, it was timely simply because "alternative[ly it] challenged jurisdiction under Rule 12

(b)(2) where it allegedly failed to charge a federal offense."

Moreover, in light of McQuiggens v Perkins, 670 F.3d 665 (6th, 2012), which established that actual innocence claims can never be time barred, the government's claims must fail. After all, if there is no federal jurisdiction then movant is innocent of a federal crime. See Davis v US, 417 US 333, 346-47 (1974).

Even the prosecution seems to cede that her argument is ridiculous, "Defendant asserts that because he raises a question of federal jurisdiction, his petition can not be untimely. Be that as it may, defendant's claim is without merit." (Pg. 2). In contrast to movant's dozens of cases, the government offers... nothing. No case law. No assertion that movant has misunderstood the cases he cited. Only a bald assertion.

However, even assuming that §2255 could be time barred, this claim must still fail. Without jurisdiction, a judgement is not only void, but without due process, 16b Am Jur 2d, Const. Law §966. As a court is required to reconstrue a motion in any way that provides relief, Haines v Kerner, 404 US 519 (1972); Boag v MacDougall, 454 US 364 (1982); Hill v US, 468 US 424 (1987), this court must reconstrue this proceedings as Coram Nobis, Audita Querela, or any other avenue that provides relief. See example, US v Dawes, 395 F.2d 1582; US v Valdez-Pacheco, 237 F.3d 1077, 1079 (9th, 2001); US v Miller, 599 F.3d 484, 487-88 (5th, 2010); 90 CLR 817.

For all these reasons, the government's claim about time barring must be dismissed as plainly incorrect.

(2) THE PRIOR MOVEMENT OF GUNS IS AT ISSUE

Ignoring that Movant has already addressed and refuted their only claim, prior movement of the guns, the Government plows ahead, full steam. "Defendant admits that the firearms at issue here were manufactured outside the State of Michigan; however, he asserts that the Government had the burden of proving that he personally carried the firearms across state lines, and because there were no allegation or proof, there is no federal jurisdiction." (Pg 2) They go on to quote Scarborough v US, 431 US 563, 566-67 (1977) to show that a thirty year old case approved an instruction that "jurisdiction was established by proof that the firearm 'previously travelled in interstate commerce.'" As already shown, this is false.

Scarborough is appostate to both prior and latter Supreme Court case law. "If the subject matter has come to rest within a state, then the transportation has ceased and interstate commerce has ended." United Hoe Machinery Corp v US, 258 US 451 (1922). See also Bacon v Illinois, 227 US 504; Susquehanna Coal Co v South Amboy, 228 US 665; General Oil Co v Crain, 209 US 211; Gulf C & S F.R. Co. v Texas, 204 US 403; Settle v Baltimore & O.S.W.R. Co, 249 Fed 913.

"The general rule is that, where transportation is in interstate commerce, it remains so until it reaches the end of it's interstate movement." Binderup v Pathe Exchange, Inc, Et Al, 263 US 291 (1923). "That moment [when one is 'in commerce'] is when they commence their movement from the state of their origin to the

State of their destination," US v E.C. Knight Co., 156 US 1 (1895). See also Illinois C.R. Comm v Fuentes, 263 US 157, 163 (1915); Western Oil Refining Co v Lipscomb, 244 US 346, 349 (1917); Western Union Tel. Co. v Foster, 247 US 105, 113 (1918); Danciger, Et. Al., DBA Daniger Bros v Cooley, 248 US 319 (1919).

Jones v US, 529 US 848 (2000) reiterates this, stating that a connection to interstate commerce must be "active, not past, passive or passing." Given that Scarborough is an incorrect ruling marring an otherwise consistant series of rulings, that prior movement of any good is irrelevant to the question of federal jurisdiction. Alderman, which movant quoted, specifically states that proof that a particular defendant himself bought, sold or moved the item across state lines is necessary after Lopez. The government's position is wrong and indefensible.

Every circuit that has so far addressed this issue has found that Lopez and Morrison are in conflict with Scarborough. "Any doctrinal inconsistancy between Scarborough and the Supreme Court's more recent decisions is not for the court to remedy," US v Alderman, 565 F.3d 641, 648 (9th, 2008). "Although the Body Armor statute does not fit any of the Lopez categories, it is supported by the pre-Lopez precident of Scarborough v US." See also US v Lemmons, 302 F.3d 769, 772-73 (7th, 2002); US v Smith, 101 F.3d 202, 215 (1st, 1996); US v Chesney, 86 F.3d 564, 571 (6th, 1996).

As the dissent in Alderman at 649-50 stated, "The majority's approach... effectively renders the Supreme Court's three part commerce clause analysis superfluous and

permits Congress, through the use of a jurisdictional element of any stripe to 'convert congressional authority under the commerce clause to a general police power of the sort retained by the states.' Lopez, 514 US at 567." Patton admitted at 633 that such a jurisdictional element does not genuinely limit the statute. They also admitted that they expected to be overturned by the Supreme Court at a later date. It's a roundabout way to admit that their ruling was incorrect, but an admission nonetheless. Lopez and Scarborough are undeniably in conflict. Since Lopez is later, and because of the earlier case law, Scarborough cannot be relied on.

Nor is the government's analysis even remotely correct: "In Lopez, the Supreme Court determined that because [922(g)] failed to set forward a basis for federal jurisdiction, it could not stand." This is completely divorced from reality.

In Lopez, there was an enormous jurisdictional statute linking gun possession in a school zone to decreased educational opportunities which, in turn, led to reduced prosperity and tax revenues. The court scoffed at such a rationale. As the syllabus reads: (1) The Act is a criminal statute that, by its terms, has nothing to do with commerce or any sort of economic enterprise, and - since possession of a gun in a school zone in no sense an economic activity that might, through repetition elsewhere, substantially affect interstate commerce - the Act could not be sustained under prior Supreme Court cases upholding regulation of

In Jones, the court dealt with a similar situation. The Government wish to read the statute so broadly that virtually every arson in the country would be a federal issue. Because no home is entirely constucted of materials produced in that state and serviced by purely intrastate utilities, the jurisdictional element could not be interpretted as the Government wished and still have any value in limiting the statute's reach as Lopez and Morrison require.

While the Government's cases, especially Chesney speak of insuring that a connection to interstate commerce be assured on a "case by case basis," they do nothing of the sort. Chesney's two part test has been overruled by Morrison's four part test. Noticibly absent from the cases cited by the Government is the requirement that the connection "not be attenuated."

As noted in the original § 2255 motion, no guns are produced in the State of Michigan. To read the statute as the Government wishes would sweep every single gun case within the Federal Government's domain and run afoul of Lopez; Morrison; Jones.

By contrast, Movant's interpretation not only squares with a plain reading of 18 U.S.C § 922(g)(1) but with settled Supreme Court precident. "As to the third element, jurisdiction, the statute provides that the defendant must possess the firearm 'in or affecting commerce.'" (Pg 2) This would mean proving that a defendant personally moved or bought the gun(s), across state lines or

INTRASTATE ACTIVITIES THAT AROSE OUT OF OR WERE CONNECTED WITH A COMMERCIAL TRANSACTION WHICH VIEWED IN THE AGGREGATE, SUBSTANTIALLY AFFECTED INTERSTATE COMMERCE.

(2) THE ACT CONTAINS NO JURISDICTIONAL ELEMENT WHICH WOULD INSURE THE FIREARM POSSESSION IN QUESTION AFFECTED INTERSTATE COMMERCE, THAT IS, THAT ACT HAS NO EXPRESS JURISDICTIONAL ELEMENT WHICH MIGHT LIMIT THE ACT'S REACH TO A DISCRETE SET OF FIREARM POSSESSIONS THAT SUBSTANTIALLY AFFECT INTERSTATE COMMERCE.

(3) WHILE CONGRESS IN NOT NORMALLY REQUIRED TO MAKE FINDINGS AS TO THE SUBSTANTIAL BURDENS THAT AN ACTIVITY HAS ON INTERSTATE COMMERCE... SUCH FINDINGS [AS WOULD BE HELPFUL TO MAKE SUCH DETERMINATIONS] ARE LACKING HERE

(4) THE SUPREME COURT WILL NOT (a) PILE INFERENCE UPON INFERENCE IN A MANNER THAT WOULD BID FAIR TO CONVERT CONGRESS'S AUTHORITY UNDER THE COMMERCE CLAUSE TO THE GENERAL POLICE POWER OF THE SORT RETAINED BY THE STATES AND (b) CONCLUDE THAT THERE WILL NEVER BE A DISTINCTION BETWEEN WHAT IS TRULY NATIONAL AND TRULY LOCAL.

As THE COURT SUMMARISED IN SABRI v US, 541 US 600 (2004), "[I]N LOPEZ AND MORRISON, THE COURT STRUCK DOWN FEDERAL STATUTES... BECAUSE IT FOUND THE EFFECTS OF THE ACTIVITIES ON INTERSTATE COMMERCE INSUFFICIENTLY ROBUST... THE COURT REJECTED THE GOVERNMENT'S CONTENTIONS THAT THE GUN LAW WAS VALID... BECAUSE GUNS NEAR SCHOOLS ULTIMATELY BORE ON SOCIAL PROSPERITY AND PRODUCTIVITY, REASONING THAT, IN THAT LOGIC, COMMERCE CLAUSE AUTHORITY WOULD KNOW NO LIMIT.

that his possession somehow affected commerce as per <u>Lopez's</u> three categories.

It is a "guiding principle that, where a statute is capable of two constructions, one of which grave and constitutional questions arise and the other by which such questions are avoided, the United States Supreme Court is to adopt the latter." <u>Jones</u>. The Government asks the Court to adopt a dubious view of 922(g)(1) which runs it afoul of <u>Lopez</u> and risks invalidating it completely as "it contains no requirement that the possession be connected in any way to interstate commerce [and would] exceed the authority of Congress." (Pg 3) Movant's reading would not alter or affect the statute in any way, only a jury instruction. As Movant's argument completely avoids questioning the constitutionality of 922(g) and 922(k) or even altering them, Supreme Court precedent binds this court to adopt Movant's view.

(Conclusion)

As Movant has now twice shown, he is not time barred and the government's only jurisdictional argument is based on a 1977 case that is completely at odds with all case law before 1950 and the post-<u>Lopez</u> case law from 1995 on. As these cases cannot be reconciled, and as the government's reading is at odds with the limited nature of the federal government, this court must apply <u>Lopez</u>; <u>Morrison</u>; and <u>Jones</u> and give Movant relief.

Respectfully submitted,

[signature]

NAME: MOHAMMAD A. BASSIR
REG.# 44013-039
Federal Correctional Institution Elkton
P. O. Box 10
Lisbon, OH 44432

RECEIVED JAN 28 2013

⇔ 44013-039 ⇔
E Mi Us Ct Sixth Dist
241 W Lafayette BLVD
Detroit, MI 48226
United States

EASTERN Mich. U.S. COURT
6th DIST.
241 W. LAFAYETTE BLVD
DETROIT MI 48226
U.S.

LEGAL MAIL

Equality FOREVER USA 2012
Equality FOREVER USA 2012