# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                Criminal Case No. 09-20549

v.                                              Civil Case No. 12-15184
                                              HONORABLE DENISE PAGE HOOD

MOHAMMAD ABDUL BASSIR (D-2),

    Defendant-Petitioner.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

On April 30, 2013, the Court entered a Judgment and Order denying Defendant Mohammad Abdul Bassir's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 343) On June 3, 2013, Bassir filed a Motion for Reconsideration, in addition to supplemental documents. (Doc. Nos. 349, 352, 353)

An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument are permitted unless the court orders otherwise. E.D.

Mich. LR 7.1(h)(2). The Local Rule further states:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)). Parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued. *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 395 (6th Cir. 2007).

Reviewing Bassir's motion and supplemental documents, the Court finds Bassir raises the same issue presented in his Motion to Vacate. Bassir's Motion for Reconsideration and other filed documents merely re-hash the arguments he previously raised.

Accordingly,

IT IS ORDERED that Defendant Mohammad Abdul Bassir's Motion for Reconsideration **(Doc. No. 348)** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motions to Supplement the Record **(Doc. Nos. 352 and 353)** are GRANTED, but the relief requested in the Motions are DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: August 11, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 11, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager