**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,                                Case No. 09-20549
                                            Honorable Denise Page Hood

v.

MOHAMMAD ABDUL BASSIR (D-2),

    Defendant.
_____/

## ORDER REOPENING TIME TO FILE NOTICE OF APPEAL
## FOR A PERIOD OF 14 DAYS
### and
## ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

This matter is before the Court on remand from the Sixth Circuit of Appeals for the limited purpose of determining whether to reopen the appeal period under Rule 4(a)(6) of the Rules of Appellate Procedure. (*Bassir v. United States,* Case No. 14-2583, 6th Cir. 2/10/2015 Order)

Rule 4(a)(6) provides that, when a party does *not* receive notice of a judgment in accordance with Federal Rule of Civil Procedure 77(d), the district court may reopen the time to file an appeal for a period of 14 days after the date when the order to reopen is entered only if: 1) the court finds the moving party did not receive notice of the entry of judgment or order to be appealed within 21 days after entry; 2) a motion to reopen is filed within 180 days after the judgment or order is entered, or

within 14 days after the party receives notice of the entry of the order, whichever is earlier; and 3) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6). Rule 4(a)(6) is the exclusive remedy for reopening the time to file an appeal. *Bowles v. Russell*, 432 F.3d 668, 672 (6th Cir. 2005). A federal district court lacks the authority to consider a motion to reopen the time for an appeal which is not filed within Rule 4(a)(6)'s time constraints. *See Martin v. Straub*, 27 F. App'x 337, 338 (6th Cir. 2001).

The Sixth Circuit noted that "Bassir alleges a timeline that might satisfy the conditions of Rule 4(a)(6): (1) he was not made aware of the district court's order denying the motion for reconsideration until November 28, 2014, significantly more than 21 days after that order was entered; (2) Bassir promptly filed his notice of appeal within fourteen days after receiving notice of the order; and (3) there is no indication that any party would be prejudiced by an extension of time." (*Bassir,* Case No. 14-2583, 6th Cir. 2/10/2015 Order, p. 2) On remand, the Court so finds.

The Court accepts Bassir's claim that he never received a copy of the August 11, 2014 Order denying his motion for reconsideration. Bassir filed his notice of appeal (considered by the Sixth Circuit as a Motion to Reopen the appeal period) on December 9, 2014, within 14 days after Bassir claims he received notice of the order on November 28, 2014. Other than the passage of time, the Court finds that no other

party, including the Government, would be prejudiced by an extension of time for Bassir to file his notice of appeal.

Accordingly,

IT IS ORDERED that Defendant Mohammad Abdul Bassir's time to file a Notice of Appeal from the Court's August 11, 2014 Order Denying Motion for Reconsideration is REOPENED "for a period of 14 days after the date when [this] order to reopen is entered." Fed. R. App. P. 4(a)(6).

IT IS FURTHER ORDERED that for the reasons set forth in its Order Denying Motion Under 28 U.S.C. § 2255 (Doc. No. 343), the Court declines to issue a certificate of appealability since Bassir's § 2255 motion was filed beyond the one-year limitations period under 28 U.S.C. § 2255 and lacked merit.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: February 17, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 17, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager